JONES DAY
PETER J. BENVENUTTI (SBN 60566)
pjbenvenutti@jonesday.com
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     415-626-3939
Facsimile:     415-875-5700

DURIE TANGRI LLP
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
JOHANNA CALABRIA (SBN 226222)
jcalabria@durietangri.com
GENEVIEVE P. ROSLOFF (SBN 258234)
grosloff@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:     415-362-6666
Facsimile:     415-236-6300

Attorneys for Defendant
THOMVEST HOLDINGS LLC,
A Delaware Limited Liability Company

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 4:11-cv-05180-YGR |
| WILLIAM JAMES DEL BIAGGIO, III, | Chapter 11 |
| Debtor. | ADV. PROC. NO. 11-03191 |
| | **[PROPOSED] STIPULATED ORDER FOR DEPOSIT OF ESCROW FUNDS AND DISCHARGE OF PLAINTIFF ROBERT J. THOMAS** |
| ROBERT J. THOMAS, | |
| Plaintiff, | Ctrm:  3 |
| v. | Judge:  Honorable Yvonne Gonzalez Rogers |
| WILLIAM JAMES DEL BIAGGIO, III, et al., | |
| Defendants. | |

WHEREAS, on March 2, 2011, Plaintiff Robert J. Thomas ("Thomas"), in his capacity of Shareholder Representative on behalf of the shareholders of Legal Systems Holding Company ("Legal Systems") filed a Complaint in the United States District Court for the Western District of Washington initiating an interpleader action pursuant to 28 U.S.C. § 1335 ("Complaint for Interpleader") seeking to have the court establish an interpleader over the exercisable value of a September 6, 2002, Warrant to Purchase Common Stock of Legal Systems, due to competing and inconsistent claims made as to the current true holder of the Warrant (the "Interpleader Action"); AND

WHEREAS, on March 7, 2011, Thomas deposited into the Western District of Washington Court's registry a check in the amount of nine million, nine hundred twenty thousand, and two hundred forty two dollars ($9,920,242.00) (hereinafter, the "Stake"), which amount represents the present exercisable value of the Warrant; AND

WHEREAS, on May 19, 2011, Defendant R. Todd Neilson (the "Trustee"), acting solely in his capacity as the Trustee for the bankruptcy estate of William James Del Biaggio, III (the "Debtor"), answered Thomas's Complaint for Interpleader claiming an interest in the Warrant and the proceeds thereof on behalf of the Debtor's bankruptcy estate, and further answering that the Debtor has no direct interest in the proceeds of the Warrant as a result of his bankruptcy filing, and admitting that Defendant Thomvest Holdings LLC ("Thomvest") had asserted a competing claim against the Warrant; AND

WHEREAS, on May 19, 2011, Defendant Thomvest answered Thomas's Complaint for Interpleader, claiming an interest in the proceeds of the Warrant and admitting that the Trustee had asserted a competing claim against the Warrant; AND

WHEREAS, no other person or entity has asserted a claim to the Warrant other than as set forth and identified in the claims asserted by Thomvest and the Trustee and the responses to those claims, nor are any of the parties aware of any other outstanding claims to the Warrant; AND

WHEREAS, Thomvest and the Trustee agreed that an interpleader over the Stake should be established in order for Thomvest and the Trustee to have adjudicated their competing claims to the Warrant; AND

WHEREAS, on June 15, 2011, the Hon. Robert S. Lasnik, United States District Court for the

1  Western District of Washington, entered the parties' Stipulated Order for Establishment of Interpleader
2  and Discharge Of Plaintiff Robert J. Thomas; and Transfer of Venue to Northern District of California
3  ("Discharge and Transfer Order") and the Interpleader Action was transferred to the California District
4  Court on or about June 20, 2011; AND

5      WHEREAS, the Court clerk of the Western District of Washington, pursuant to the Discharge
6  and Transfer Order, transferred the Stake to the California District Court, where it is presently deposited;
7  AND

8      WHEREAS, Thomas was dismissed with prejudice from the Interpleader Action except insofar as
9  Thomas remained subject to the continuing jurisdiction of the California District Court or the Bankruptcy
10  Court, for the limited purpose of Thomas distributing to the registry of the California District Court or
11  the Bankruptcy Court, a proportionate share of certain additional Warrant funds currently residing in
12  escrow ("Escrow Funds"), as directed by the California District Court or the Bankruptcy Court;

13      WHEREAS, the Escrow Funds has been determined to be one million, two hundred eighty-eight,
14  four hundred sixty-seven dollars and fifty three cents ($1,288,467.53), which includes a deduction of
15  seventeen thousand, three hundred and forty-seven dollars and eight cents ($17,347.08) which represents
16  the attorneys' fees and costs incurred by Thomas in the initiation and prosecution of the Interpleader
17  Action, which deduction the Discharge and Transfer Order expressly authorized;

18      WHEREAS, the remaining Escrow Funds, along with the Stake funds, represent the full and
19  complete value of the Warrant;

20      WHEREAS, all the parties to this Stipulated Order agree that Thomas may be fully discharged
21  and dismissed from the Interpleader Action and from any further obligation regarding the Warrant,
22  subject to the terms and conditions of the Order as set forth below;

23      IT IS THEREFORE STIPULATED:

24      1.    Thomas is hereby authorized to deposit the Escrow Funds with the court Clerk of the
25  Court for the United States District Court, Northern District of California; such deposit shall be by way
26  of a check in the amount of $1,288,467.53, payable to the Clerk, United States District Court, Northern
27  District of California;

28

2.      Following deposit of the Escrow Funds, Thomas is hereby dismissed with prejudice from the Interpleader Action and discharged from any further obligation or liability concerning the Warrant, except to the party, person or entity the California District Court or the Bankruptcy Court shall adjudge to be the proper holder of the Warrant, and with such obligation and liability limited to the value of the Warrant represented by deposit of the Stake and the Escrow Funds.

3.      This Order is effective immediately upon entry.

Dated: May 10, 2012                                         DURIE TANGRI LLP

                                                            By:    /s/Johanna Calabria
                                                                    JOHANNA CALABRIA

                                                            Attorneys for Defendant
                                                            THOMVEST HOLDINGS LLC

Dated: May 10, 2012                                         PACHULSKI STANG ZIEHL & JONES LLP

                                                            By:    /s/Maxim B. Litvak
                                                                    MAXIM B. LITVAK

                                                            Attorneys for Defendant, R. Todd Neilson, solely in his capacity as Chapter 11 Trustee of the estate of William James Del Biaggio, III

Dated: May 10, 2012                                         PERKINS COIE LLP

                                                            By:    /s/ Charles C. Sipos
                                                                    CHARLES C. SIPOS

                                                            Attorneys for Plaintiff, Robert J. Thomas

IT IS SO ORDERED.

Dated: May 14, 2012

                                                            YVONNE GONZALEZ ROGERS
                                                            U.S. DISTRICT COURT JUDGE

1
2
3
4
5 _____
6
7
8
9
10
11
12
13 _____
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28